# Guffey *v*. The State.

## *Murder.*

(Decided April 15, 1913.   62 South. 293.)

1. *Homicide; Self-Defense; Absence of Necessity.*—Where there was evidence that defendant killed deceased in the absence of a necessity for so doing in self-defense, the killing would not be justifiable, although deceased was at fault in bringing on the difficulty.

2. *Same; Instructions.*—Where there was evidence that it was not necessary for the defendant to kill the deceased in self-defense, a charge asserting that the burden was on the state to show beyond a reasonable doubt that defendant was not free from fault in bringing on the difficulty, and that if the jury were not so satisfied, they should acquit, was properly refused.

3. *Same.*—A charge asserting that if the evidence showed that the defendant acted in self-defense he should be acquitted, failing to set out the constituent elements of self-defense was properly refused.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

George R. Guffey was convicted of manslaughter, and appeals. Affirmed.

On cross-examination of witness Rice he was asked: "Do you know whose pistol it was?" Having reference to the pistol handed witness by the sheriff, the witness having testified that he did not see it at the time of the difficulty; that it may have been two or three days afterwards when he saw it. Henry Mayhall, a witness for the state, was asked, "You didn't see any pistol about Guffey, when he was out about the wagon, did you?" And he answered, "No, sir." And also, "How long did Guffey stay in the house when he went up there?" And the answer, "About 15 minutes." The witness Razler for the state was asked, "What was it Guffey said to you?" And the answer, "I was as drunk as hell and he called me a vile name that I will not take off of any man." And other similar questions not necessary to be set out. The case made by the state was that Dunn, who was killed, approached Guffey and said something to him, using a vile epithet, and slapped him on the head, whereupon Guffey stepped back a few steps, drew his pistol, and fired, killing Dunn. The evidence was in dispute as to whether Dunn had a pistol or not.

The following are the charges noted in the opinion:

"(G) The court charges you, gentlemen, that the burden of proof was on the state to satisfy you beyond a reasonable doubt that the defendant was not free from fault in bringing on the difficulty, and, if you are not so satisfied, you should acquit him."

"(I) If the evidence which shows the killing also shows the defendant acted in self-defense, then you will find him not guilty."

W. C. RAYBURN, and GOODHUE, BRINDLEY & WHITE, for appellant. No brief reached the Reporter.

R. C. BRICKELL, Attorney General, W. L. MARTIN, Assistant Attorney General, and LUSK & SON, for the State. While the state may not impeach its own witness, it may show that it was taken by surprise.—*White v. The State,* 87 Ala. 24; *Griffin v. The State,* 90 Ala. 583; *Williams v. The State,* 123 Ala. 39. It is within the discretion of the court whether it will permit a question to be repeated, or a witness recalled.—*Riley v. The State,* 88 Ala. 193; *Turner v. The State,* 160 Ala. 55. The confession was voluntary and the proper predicate was laid.—*Bush v. The State,* 136 Ala. 85; *Shields v. The State,* 104 Ala. 35; *Dodson v. The State,* 86 Ala. 60. Charges A and C ignore the elements of self-defense. Motion for new trial is not revisable.—*Ferguson v. The State,* 149 Ala. 21.

WALKER, P. J.—The court has examined each of the rulings made on objections to evidence, to which an exception was reserved, and does not discover a ground for reversal in either of them. Neither of those exceptions is deemed by the court to present such a question as calls for a statement of the grounds for the conclusions reached.

There was evidence from which the jury might have found that the defendant killed the deceased in the absence of any necessity for him to do so in self-defense. Under this aspect of the evidence, the killing was unjustifiable, though the defendant was at fault in bringing

[Smith v. The State.]

on the difficulty and the defendant was free from fault in that regard.

This consideration discloses a fault in charge G requested by the defendant. If the state proved that the defendant unnecessarily killed the deceased in resisting an assault committed by the latter, the further burden was not upon it of proving that the defendant was at fault in bringing on the difficulty.

The refusal to give charge I requested by the defendant may be justified because of its failure to set forth or define the constituent elements of self-defense.—*Morris v. State,* 146 Ala. 66, 101, 41 South. 274.

In justification of the court's refusal to give other written charges requested by the defendant, it is not deemed necessary to say more than that some of them were abstract, some were covered by written charges given at his instance, and each of the rest, which dealt with the question of self-defense, omitted mention of some essential ingredient of that defense.

No error is found in the record.

Affirmed.